IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:12-CV-333-BO

| | |
|---|---|
| KIM ANDERSON, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>QUANTELL, INC., )<br>Defendant. ) | ORDER |

This cause comes before the Court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

As alleged in plaintiff's complaint, plaintiff was employed by defendant from October 3, 2011, to January 26, 2012, as a General Clerk, II. Plaintiff filed a wage and hour claim with the North Carolina Better Business Bureau on January 22, 2012, and was terminated by defendant from her position on January 26, 2012. On February 14, 2012, plaintiff filed a wage and hour complaint with the U.S. Department of Labor, who determined that she had a meritorious claim on March 23, 2012. Plaintiff then filed this action in Onslow County Superior Court alleging that defendant wrongfully terminated her for engaging in protected conduct. Defendant timely removed the action to this court, and thereafter filed the instant motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478

U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Fair Labor Standards Act (FLSA) "was enacted with the purposes of protecting employees and imposing minimum labor standards upon covered employers" and compliance with the FLSA is ensured through "information and complaints received from employees seeking to vindicate rights claimed to have been denied." *Ball v. Memphis Bar-B-Q Co., Inc.*, 228 F.3d 360, 363 (4th Cir. 2000) (quotation and citation omitted). The retaliation provision of FLSA makes it is unlawful for a covered employer to discharge an employee because that employee has "filed any complaint or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). In order to assert an FLSA retaliation claim, a plaintiff must show that she engaged in an activity protected by the FLSA, she suffered adverse action by the employer subsequent to or contemporaneous with such protected activity, and a causal connection exists between the employee's activity and the employer's adverse action. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).

2

Defendant correctly contends that plaintiff's complaint is wanting in detail – indeed, plaintiff's complaint fails to allege any specific cause of action that she believes would entitle her to relief. However, having considered plaintiff's complaint in light of the applicable standard, and, assuming that plaintiff, as stated in her response to the motion to dismiss,[1] proceeds in this action under 29 U.S.C. § 215(a)(3), the Court finds that the allegations in plaintiff's complaint sufficiently nudge her claim across the line from conceivable to plausible.

As plaintiff's wage and hour complaint filed with the U.S. Department of Labor was filed *after* her employment was terminated, and plaintiff has not alleged that defendant had knowledge that she would be filing a complaint with the U.S. Department of Labor prior to her termination, only plaintiff's complaint filed with the North Carolina Better Business Bureau (N.C. B.B.B.) can form the basis of her protected activity. Though this circuit has not addressed whether a complaint filed with a better business bureau is protected activity under the FLSA, the Seventh Circuit has held that where a plaintiff has filed a complaint or instituted proceedings with appropriate state authorities, and there is no basis to doubt the good faith of the plaintiff in doing so in order to report an alleged violation of the FLSA, such filing constitutes protected activity under 29 U.S.C. § 215(a)(3). *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999); *see also Randolph v. ADT Sec. Servs.*, Inc., 701 F. Supp. 2d 740, 745-46 (D. Md. 2010) (applying *Sapperstein* to find that plaintiff stated a prima facie claim under § 215(a)(3) where plaintiff filed

---

[1]Plaintiff's response to the motion to dismiss was filed well-outside of the time allowed for responding to the motion, and plaintiff has offered no basis upon which the Court could find excusable neglect for failing to timely respond. Fed. R. Civ. P. 6(b). However, the Court has determined based solely on its review of plaintiff's complaint that dismissal at this stage is unwarranted. Plaintiff is cautioned, however, that failure to comply with the Federal Rules of Civil Procedure and this Court's Local Civil Rules in the future will test the Court's indulgence in this matter.

complaint with Maryland Department of Labor, Licensing, and Regulation). In this matter, when viewing the facts in the light most favorable to plaintiff, it appears that in contacting the N.C. B.B.B. plaintiff was in good faith attempting to institute proceedings with the appropriate authorities in order to complain of an alleged violation of the FLSA, and the Court finds that plaintiff has at this stage sufficiently alleged that she engaged in protected activity under the FLSA.

Plaintiff's complaint further sufficiently alleges that she suffered adverse employment action subsequent to engaging in protected activity as she was terminated following her complaint to the N.C. B.B.B. There is also a sufficient allegation of a causal connection between the protected activity and her termination as plaintiff has alleged that she was terminated just four days following her complaint to the NC BBB. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) ("while evidence as to the closeness in time far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case of causality.") (internal quotation and citation omitted).

"At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal,* 129 S.Ct. at 1950). Here, though plaintiff's complaint certainly falls short of providing ample factual support for her allegations, the facts as alleged sufficiently permit the Court to infer more than the mere possibility of misconduct, and dismissal at this stage is thus unwarranted. *Id.*

CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 7] is DENIED.

SO ORDERED, this _6_ day of May, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE